UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ACCESS DISABILITY, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil No. 4:13CV223 CEJ |
| ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
## ITS MOTION TO DISMISS

Defendant, the Social Security Administration ("agency"), by and through its undersigned counsel, offers the following memorandum of law in support of its Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12 (b)(6).

## Argument

In her Complaint, Plaintiff seeks to compel the Defendant to produce records under the Freedom of Information Act (FOIA). *See* Complaint at p. 1, ¶ 1. In letters dated October 19, 2012, and November 28, 2012, David Camp of Access Disability, LLC, sent FOIA requests to two agency Hearing Office Directors requesting the names of the Administrative Law Judges (ALJs) scheduled for the disability hearings for three attorneys in his office. Plaintiff also requested the "written policy" for removing the names of the ALJs from the agency's hearing notices. *See* Declaration of Dawn Wiggins at ¶ 5, Attached as Exhibit A; Complaint at ¶¶ 19 and 24. On December 6, 2012, Dawn Wiggins, the agency's Freedom of Information Officer, responded to Mr. Camp's FOIA requests by stating that the agency would process his requests as soon as possible. Ms. Wiggins also provided Mr. Camp with contact information if he had not received a response in 30 days and wanted to check the status of his request. *See* Exhibit A at

¶ 6 and Exhibit B (Letter dated December 6, 2012, from Ms. Wiggins to Mr. Camp). In a letter dated March 12, 2013, Ms. Wiggins responded to Mr. Camp's FOIA requests and provided him with the names of the ALJs assigned to the hearings of the current cases in his office. Ms. Wiggins also stated that in response to his prior FOIA requests, the Office of Privacy and Disclosure provided him with the documents related to the agency changing the hearing notices by no longer including the name of the ALJ assigned to the case. Ms. Wiggins stated that there were no other responsive documents to his requests. *See* Exhibit C (Letter dated March 12, 2013, from Ms. Wiggins to Mr. Camp) and Exhibit A at ¶ 8.

Because the agency provided Plaintiff with all of the information sought in the FOIA requests, this Complaint is moot and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12 (b)(6). A claim for relief under FOIA becomes moot once an agency produces all the information a Plaintiff requested. *See Cornucopia Institute v. USDA*, 560 F.3d 673, 675 (7th Cir. 2009); *see also Heide v. LaHood*, 406 Fed. Appx. 83, *1 (8th Cir. 2010); *Urban v. U.S.*, 72 F.3d 94, 95 (8th Cir. 1995). Indeed, courts have found that "'however fitful or delayed the release of information under FOIA may be... if we are convinced [agencies] have, however belatedly, released all nonexempt material, we have no further judicial function to perform under the FOIA.'" *Tijerina v. Walters*, 821 F.2d 789, 799 (D.C. Cir. 1987)(quoting *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982)). The release of the information sought by Plaintiff has made it impossible for this Court to grant any effectual relief to Plaintiff, and therefore, the case must be dismissed. *See Cornucopia*, 560 F.3d at 676. This includes Plaintiff's request for declaratory relief, as declaratory judgment is only appropriate when it will have an impact on the parties. *Id.; see also Aetna Life Ins. Co. v. Hayworth,* 300 U.S. 227, 240-41 (1937).

Here, no ruling the Court can issue in this case will have an impact[1] on the parties. Plaintiff brought this action seeking the information under FOIA. Under FOIA, a court only has the authority to enjoin an agency from withholding records and order that the agency produce the records. *Perry*, 684 F.2d at 125. If the records are produced, the controversy, and a court's ability to do anything relating to it, disappears. *Id.* Because the agency fully responded to Plaintiff's FOIA request, the Court cannot grant Plaintiff any relief under FOIA and this case is moot. *See Conucopia*, 650 F.3d at 677.

## Conclusion

For the foregoing reasons, Defendant respectfully requests that the Court enter its order dismissing Plaintiff's civil action pursuant to Fed. R. Civ. P. 12(b)(1) and/or Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

　 */s/ Jane Rund*
By_____
JANE RUND, BAR #47298 MO
Assistant United States Attorney
111 S. 10th Street, Suite 20.333
St. Louis, Missouri 63102
(314) 539-2200
(314) 539-2777 FAX
Email: Jane.Rund@usdoj.gov

---

[1] Plaintiff's request for costs and attorney's fees does not defeat Defendant's argument that the case should be dismissed based on mootness. A claim for attorney's fees is separate from the merits of the claim. *Budinich v. Becton Dickinson and Co.*, 458 U.S. 196, 200 (1988). Therefore, courts have found that a claim of attorney's fees under FOIA does not preserve an otherwise moot claim. *See Anderson v. U.S. Dept. of Health and Human Services*, 3 F.3d 1383, 1385 (10th Cir. 1993); *Cornucopia*, 560 F.3d at 676.

OF COUNSEL

Kristi A. Schmidt
Chief Counsel, Region VII
Social Security Administration

By

  Martha Bohn Budetti #43929 MO
  Assistant Regional Counsel

  Andrew F. Maunz #0083832 OH
  Attorney
  Social Security Administration
  Office of General Law
  Baltimore, Maryland

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of March 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to:

  David D. Camp
  230 S. Bemiston Avenue, Suite 810
  St. Louis, Missouri 63105
  Attorney for Plaintiff

                          */s/ Jane Rund*
                          _____
                          JANE RUND #47298 MO
                          Assistant United States Attorney